■ LAIDILY S. HARRIS, Appellant, v. HERMAN FINE, Respondent.— Order entered April 8, 1965, vacating defendant's default in pleading and granting defendant leave to serve an answer, unanimously modified, on the law and on the facts, to the extent of providing as a further condition for the vacatur the posting of a surety company bond by defendant in the sum of $25,000, within 30 days from the entry of the order hereon, to secure the ultimate payment of $23,000, the amount conceded to be due her, together with costs and disbursements, and, as so modified, affirmed, with $30 costs and disbursements to plaintiff-appellant. CPLR 5015 (subd. [a]) permits the court to relieve a party from a judgment "upon such terms as may be just". In the instant case, the court granted the motion "upon condition that defendant pay plaintiff's attorneys a full bill of costs herein within ten days after service of a copy of the order to be settled hereon, with notice of entry, and that the judgment stand as security". We feel that the further condition is required in the interests of justice. Concur — Botein, P. J., McNally, Eager, Steuer and Capozzoli, JJ.

■ REBECCA EDELSTEIN, Appellant, v. GEORGE EDELSTEIN, Respondent.— Order, entered March 1, 1966, unanimously modified on the law, the facts and in the exercise of discretion, to the extent of granting a hearing as to the changed needs of plaintiff and the change in circumstances of the parties since the date of the judgment of separation in 1955 and, as so modified, affirmed, with $30 costs and disbursements to abide the event. Should defendant stipulate that he is of sufficient financial ability to pay any reasonable sum which the court may find plaintiff to be entitled to, then, in such event, the hearing ordered shall be restricted solely to the questions of plaintiff's change in circumstances and needs. Concur — Botein, P. J., McNally, Eager, Steuer and Capozzoli, JJ.